UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RODERICK STANDELL PATTERSON,      )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      No. 1:25-cv-02287-JPH-KMB
                                  )
CHRISTINA REAGLE Commissioner of  )
I.D.O.C.,                         )
TRENT ALLEN Warden of PCF,        )
                                  )
            Defendants.           )

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Roderick Patterson is a prisoner currently incarcerated at Miami Correctional Facility ("Miami"). He filed this civil action alleging he was exposed to the Legionella bacteria when previously incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Patterson's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Christina Reagle, former Commissioner of the Indiana Department of Correction ("IDOC"); and (2) Pendleton Warden Trent Allen. Mr. Patterson seeks compensatory and punitive damages and equitable relief.

Mr. Patterson arrived at Pendleton in April 2024. He soon learned from other inmates that the water supply was contaminated with Legionella, because prison officials had stopped testing and maintaining the water system. Mr. Patterson had to shower in and drink the contaminated water. He asserts that the Indiana Department of Health and/or State Fire Marshal reported the Pendleton Legionella problem to Ms. Reagle and Warden Allen, but they failed to take action to correct the problem. At some point, prior to the filing of the complaint, Mr. Patterson was moved to Miami.

## III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Patterson has identified the theories he wishes to use—claims

under the Eighth Amendment, the Safe Drinking Water Act ("SDWA"), Ind. Code § 11-11-6-2, and state law negligence. Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Patterson's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the SDWA was passed to establish uniform standards for public water systems and to reduce contamination in drinking water. 67 Am. Jur. Proof of Facts 3d 95 (Vinal, R. 2002) (citing 42 U.S.C. §§ 300f et seq.). The SDWA gives private persons authority to bring an enforcement action for injunctive relief, *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 105 (D. Mass 2019), but "there is no private right of action for damages arising from a violation of the SDWA." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) (citation omitted); *see also Phan v. Aurora City Water Util. Admin.*, No. 21-CV-00960-GPG, 2021 WL 5629068, at *1 (D. Colo. Apr. 13, 2021). Mr. Patterson is no longer housed at Pendleton, so any claims for relief under the SDWA, which could only entail injunctive relief, are now moot. *See Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir.

2009); *Preiser v. Newkirk*, 422 U.S. 395, 401–04 (1975)) ("An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain."). All claims based on the SDWA **are dismissed**.

Second, Ind. Code § 11-11-6-2 requires, among other things, that the IDOC Commissioner "correct all unsafe, unsanitary, or unhealthy conditions reported by the Indiana department of health or the state fire marshal with reasonable promptness." The sections of the Indiana Code cited by Mr. Patterson, however, do not expressly create a private right of action that would allow Mr. Patterson to bring a lawsuit to enforce this law. And in similar circumstances, the Indiana Supreme Court has declined to find an implied private right of action. *See Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 510 (Ind. 2005) (holding that under Indiana's Administrative Orders and Procedures Act, IDOC inmates were not entitled to bring private cause of action for alleged violations of statutes governing prison discipline) (citing Ind. Code § 4-21.5-2-5-(6)). Any claims based directly on alleged violations of Ind. Code § 11-11-6-2 **are dismissed**.

The claims that **shall proceed** are the following: Eighth Amendment conditions of confinement[1] and state law negligence claims[2] for damages against ex-Commissioner Reagle and Warden Allen.

---

[1] Mr. Patterson has not alleged that he became ill because of his exposure to Legionella. This may impact his ability to recover compensatory damages in this case under the Prison Litigation Reform Act, but not necessarily nominal and punitive damages. *See Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003).

[2] It is possible, though the Court need not decide at this point, that Ind. Code § 11-11-6-2 may help define the standard of care for a state law negligence claim. *See Kho v.*

4

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 24, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Christina Reagle and Trent Allen in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 5, 2025, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/6/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

*Pennington*, 875 N.E.2d 208, 212 (Ind. 2007) ("Indiana courts have a long and continuous history of recognizing negligence actions for statutory violations.").

5

Distribution:

Electronic service to Indiana Department of Correction:
      Christina Reagle (through IDOC Central Office)
      Warden Trent Allen (at Pendleton Correctional Facility)

RODERICK STANDELL PATTERSON
265483
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only